UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL WILLIAMS,

       Plaintiff,

v.

QUICKEN LOANS,

       Defendant.
_____/

Case No. 2:16-cv-11496
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL SANCTIONS (DE 22), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 27), GRANTING PLAINTIFF'S REQUEST FOR COURT ORDER TO SET DISCOVERY CONFERENCE (DE 24), AND RESCHEDULING THE FINAL PRETRIAL CONFERENCE**

    This matter is before me for consideration of two motions and one request filed by Plaintiff: 1) a December 14, 2016 motion to compel sanctions (DE 22), Defendant's response (DE 23), Plaintiff's reply (DE 25), and Plaintiff's supplement (DE 28)[1]; 2) a January 31, 2017 motion to compel discovery (DE 27) and Defendant's response (DE 29); and 3) Plaintiff's request to set a discovery conference (DE 24). The parties also filed a Joint List of Unresolved Issues on

---

[1] The Eastern District of Michigan Local Rules do not allow the filing of supplemental responses without prior leave of court. E.D. Mich. LR 7.1(e). The Court considered the supplement in this instance, but Plaintiff is cautioned that future filings must comply with Court rules.

February 24, 2017. (DE 31.) Both motions and the request came before me for a hearing on February 28, 2017. I will address each item in turn.

I.   **Motion to Compel Sanctions (DE 22)**

In her motion, Plaintiff accuses Defendant (through its counsel) of engaging in "willful and unethical conduct" during her December 8, 2016 deposition. (DE 22 at 1.) Specifically, she asserts that Defendant improperly brought up an issue of Bates numbering in her discovery responses, and waited until the day of the deposition to address the issue instead of contacting her about it before they were on the record.

Defendant opposes the motion. It asserts that Plaintiff's allegations lack any arguable basis in fact or law and accordingly asks the Court to award it costs and fees pursuant to Federal Rule of Civil Procedure 37. (DE 23.) Defendant provides relevant excerpts from the deposition testimony, in which counsel explained the Bates-stamping process and verified that the documents provided were complete. (Id. at 6-8.) In her reply, and again at oral argument, Plaintiff takes issue with the timing of the explanation, and seems to contend that counsel addressed the issue during the deposition in order to make her look bad on the record or before the jury. (DE 25.)[2]

---

[2] In her supplemental response, Plaintiff also asserts that Defendant violated Federal Rules of Civil Procedure 26(e)(1)(A), which addresses supplementing responses provided under Rule 26(a), and 26(d)(3)(B), which governs the sequence

The Court observes that nothing in the deposition testimony paints either party in a bad light, so Plaintiff's concerns appear to be largely unfounded. Furthermore, both the testimony at the hearing and a review of the papers filed by both parties reveal no evidence that Defendant or its counsel engaged in "willful or unethical" conduct. Likewise, the Court has seen no evidence of "badgering." (*See* DE 22 at 2.) To the contrary, the deposition testimony reveals that counsel appropriately explained the need for Bates-stamping to allow Plaintiff to easily turn to appropriate documents during the deposition, and acted professionally. (DE 23-2 at 46.) Additionally, counsel was diligent in ensuring that all of Plaintiff's responses were present in the document. (Id. at 47-48.) For these reasons, and the reasons stated on the record, Plaintiff's motion is **DENIED**. (DE 22.) The issue of costs will be addressed in Section II.

## II.  Motion to Compel Discovery (DE 27)

Plaintiff seeks an order compelling Defendant to supplement its responses to Interrogatories 6, 9, and 15 and to Request for Production of Documents 14. (DE 27.) Defendant contends that it completely answered the interrogatories, made appropriate objections, and provided the documents requested. (DE 29.) At the

---

of discovery.  At the hearing Plaintiff conceded that those provisions do not apply to the matter at issue.

hearing, Plaintiff withdrew her motion as to Request for Production of Documents 14. Accordingly, the Court considered only the responses to interrogatories.

As stated on the record, Defendant's objections to Interrogatories 6 and 9 are sustained and its responses are deemed sufficient. Defendant's response to Interrogatory 15, however, is not responsive, or alternatively, is unclear. Specifically, it does not make clear whether Quicken Loans ever contacted Plaintiff about jobs for which she applied in 2015. Accordingly, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. (DE 27.) Defendant is ordered to supplement its response to Interrogatory 15 within **TWO WEEKS OF THE DATE OF THIS ORDER**, answering the question "yes" or "no," and if "yes," supplying the additional information requested. Defendant may also provide any additional information it deems necessary to clarify a "no" response.

Pursuant to Federal Rule of Civil Procedure 37, where a discovery motion is granted in part and denied in part, the court "may . . . apportion reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, despite Plaintiff's motion for sanctions being to some degree frivolous, the Court will decline to order costs in this matter, as there was some degree of discovery-related fault on both sides, as identified in the motion to compel. However, Plaintiff is cautioned that filing motions without a certification that she has met and conferred with the

other side or that are in any way frivolous could result in the imposition of costs or sanctions.

### III. Request to Set a Discovery Conference (DE 24)

The Court granted Plaintiff's request and allowed the parties to have a discovery conference at the hearing. As a result of those discussions, the Final Pretrial Conference has been moved to **MAY 19, 2017 at 2:00 PM**.

**IT IS SO ORDERED**

Dated: February 28, 2017           s/Anthony P. Patti
                                   ANTHONY P. PATTI
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2017, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti